# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

2016 AUG 18 PM 2:48

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

FILED

SHIRLEY JN JOHNSON, individual            CASE NO:

       Plaintiff,                        6:15-cv-1698-Orl-37GJK

             v.

NEW DESTINY CHRISTIAN CENTER CHURCH, INC.,
Florida not for profit corporation a/k/a Paula White Ministries

RESURRECTION LIFE THC, INC.,            THIRD
Florida non-profit (not for profit) Corporation    ==AMENDED==
                                      VERIFIED COMPLAINT

PAULA MICHELLE MINISTRIES, INC.
Florida not for profit corporation a/k/a Paula White Ministries

PAULA MICHELLE WHITE, individually and in
her official capacity as President, Director and Senior
Pastor of New Destiny Christian Center Church, Inc.,
and as Director and Incorporator of Paula Michelle
Ministries, Inc., and as Director of Resurrection
Life THC, Inc. a/k/a PAULA MICHELLE CAIN

       Defendants.
_____/

## PLAINTIFF'S THIRD AMENDED VERIFIED COMPLAINT FOR
## MALICIOUS PROSECUTION

Plaintiff, Shirley Jn Johnson, *pro se*, sues Defendants New Destiny Christian

Center Church, Inc. (NDCC) and Paula Michelle Ministries, Inc. (PMMI), which are also

known as Paula White Ministries (PWM), Resurrection Life THC, Inc. (RLTHC); and

Paula Michelle White (Cain) for malicious prosecution.  Paula Michelle White (Cain) is

37  being sued individually and in her official capacity as President, Director and Senior

38  Pastor of NDCC, as Director and Incorporator of PMMI and as Director of Resurrection

39  Life THC, Inc.

40  <u>JURISDICTION AND VENUE</u>

41  1.   This court has jurisdiction over this matter under 28 U.S.C. §1332 (a)(1) and

42  (c)(1), since the amount in controversy exceeds $75,000, and this matter stems from an

43  action over which this court had original jurisdiction.

44  2.   There is complete diversity of citizenship: Plaintiff is a citizen of

45  Washington; and Corporate Defendant New Destiny Christian Center Church, Inc.

46  (NDCC), Corporate Defendant Resurrection Life THC, Inc. (RLTHC), Corporate

47  Defendant Paula Michelle Ministries, Inc. (PMMI) and Defendant Paula Michelle White

48  (Cain) are citizens of Florida.

49  3.   This court has personal jurisdiction over Corporate Defendants NDCC,

50  PMMI and Defendant White pursuant to 48.193 (1)(a)(1)-(2) Fla. Stat. [2015].  Each of

51  the above Defendants operates and conducts business in Florida and each committed a

52  tortious act of malicious prosecution within this state.  This Court has personal

53  jurisdiction over RLTHC pursuant to 48.193 (1)(a)(1) Fla. Stat. [2015], as it is a citizen

54  of the state of Florida with its principal office located in Orange County, and does

55  business in the state of Florida.

56  4.   Venue is proper in the Middle District of Florida, Orlando Division under 28

57  U.S.C. §1391 (a)(1) and (b)(1)-(2) because Corporate Defendants PMMI, NDCC and

58  RLTHC did- and does business in Orange County; and Defendant Paula Michelle White

2

59   (Cain) is domiciled and does business in Orange County; and events which gave rise to

60   this claim occurred in this Judicial District.

61                                                          PARTIES

62          5.      Shirley Jn Johnson is an individual over the age of 18 years, domiciled in

63   Washington and her legal mailing address is P.O. Box 58818 – Seattle, WA 98138;

64   herein   referred   to   as   ("Plaintiff").     Plaintiff   maintains   an   internet   site,

65   http://www.theremnantsjnj.com and a You Tube channel, theremnantsjnj, which contain

66   Biblical messages and videos regarding televangelists and megachurch pastors.

67          6.      New Destiny Christian Center Church, Inc. (NDCC) is a 501(c)(3) not for

68   profit corporation which was incorporated in the state of Florida and maintains its

69   principal place of business in Orange County at 505 E. McCormick Road – Apopka, FL

70   32703; herein referred to as ("NDCC/PWM") or ("Corporate Defendant").   NDCC also

71   operates under the fictitious name, Paula White Ministries (PWM) for the purpose of

72   conducting business online.

73          7.      Paula Michelle Ministries, Inc. (PMMI) is a 501(c)(3) not for profit

74   corporation which was incorporated in the state of Florida, and dissolved on August 11,

75   2014.  PMMI's principal place of business was in Orange County at 14205 Bridgewater

76   Crossing – Windermere, FL 34786; herein referred to as ("PMMI/PWM") or ("Corporate

77   Defendant").

78          8.      Resurrection Life THC, Inc. (RLTHC) is a 501(c)(3) non-profit (not-for-

79   profit) title holding corporation – operating under the guidelines of IRC 501(c)(2) –

80   which was incorporated in the state of Florida and maintains its principal place of

81  business in Orange County at 505 E. McCormick Road – Apopka, FL 32703; herein

82  referred to as ("RLTHC").

83      9.   Paula Michelle White (Cain) is an individual over the age of 18 years,

84  domiciled in Florida and is President, Director and Senior Pastor of NDCC, and a

85  Director of RLTHC, herein referred to as ("White") or ("Defendant").  Paula Michelle

86  White (Cain) has been known to use other aliases such as Paula Michelle Furr, Paula

87  Knight, Paula M. Knight and Paula F. Knight – she is a T.V. personality, author and

88  public speaker.

89                          FACTUAL ALLEGATIONS

90      10.   At all times material hereto, Defendant White was and is employed by

91  Corporate Defendant NDCC/PWM as its Senior Pastor, President and Director; she was

92  the Incorporator and Director of Corporate Defendant PMMI/PWM and is a Director of

93  Corporate Defendant RLTHC.

94      11.   On October 7, 2013, Corporate Defendant PMMI/PWM served Plaintiff

95  with a Cease and Desist letter, falsely claiming ownership and copyrights to videos which

96  Plaintiff displayed on her website and You Tube channel.

97      12.   On March 25, 2014, Corporate Defendant PMMI/PWM filed an unverified

98  complaint against Plaintiff for copyright infringement. (Case No. 6:14-cv-00497–Orl–

99  31DAB – _Paula White Ministries v. Johnson_).

100     13.   On January 21, 2015, the Court ordered Case No. 6:14-cv-00497-Orl-

101  31DAB voluntarily dismissed with prejudice _res judicata_ concerning Corporate

102    Defendants PMMI/NDCC/PWM's claims against Plaintiff; and Plaintiff was permitted to

103    seek affirmative relief through this present malicious prosecution action.

104        14.   The voluntary dismissal constitutes a bona fide termination of the Copyright

105    Infringement action in favor of Plaintiff. A copy of the Court's Order is on file with this

106    Court (Exhibit A, Doc. 22) and incorporated herein by reference for the Court's

107    consideration.

108                    PIERCING THE CORPORATE VEIL

109        15.   Defendant White personally and directly participated in initiating and

110    prosecuting the previous copyright infringement lawsuit against Plaintiff.

111        16.   On October 13, 2013, Defendant White stated to her congregation and

112    online viewers that *she* intended to stop the enemy because *she* felt mocked and

113    reproached [by Plaintiff].

114        17.   Defendant White filed the previous lawsuit purely for personal reasons; and

115    not for a corporate matter of copyright infringement of PMMI/NDCC/PWM's materials,

116    as falsely alleged in the Complaint.

117        18.   Defendant White filed the previous lawsuit under Paula White Ministries

118    which is a fictitious name that was owned by Paula Michelle Ministries, Inc. (PMMI), a

119    now dissolved corporation.

120        19.   Defendant White used PMMI and NDCC as a shield to avoid personal

121    liability and legal expenses.

122    20.   It is my belief that PWM operates as an alter ego-type entity and business
123  conduit from which Defendant White receives money for the purpose of unjust self-
124  enrichment.

125    21.   When Defendant White hosts conferences or special events (at the church,
126  which draws a very large crowd), attendees and online viewers are specifically instructed
127  to make checks payable to PWM rather than to the church.

128    22.   Defendant White solicits donations worldwide for PWM through her
129  television program, internet website and facebook.

130    23.   Defendant White owns several vehicles and real estate in New York, Texas
131  and Florida – some of the properties were sold in 2013, and Defendant White speaks of
132  being wealthy.

133    24.   Paula White Ministries is merely a fictitious name (non-existent entity), yet
134  it maintains its own mobile staff which follows it from church to church.

135    25.   The fictitious name PWM was originally owned by Without Walls
136  International Church, Inc. (WWIC) – where Defendant White was pastor – and later
137  PWM was owned by PMMI.

138    26.   On February 13, 2012, the fictitious name PWM simultaneously was
139  canceled by WWIC and registered to PMMI.

140    27.   During the time that Corporate Defendant PMMI owned PWM, the PWM
141  staff remained and worked at WWIC's location rather than at PMMI's physical location,
142  which was Defendant White's residence, part time.

143   28. Defendant White became senior pastor of NDCC, and a few months later the

144 PWM staff moved from WWIC's address to Corporate Defendant NDCC's physical

145 location, even though PWM was still owned by PMMI.

146   29. PWM is currently owned by NDCC, yet operates independently of NDCC

147 with a separate staff, with the exception of one person who is on staff with PWM and

148 NDCC as of November 10, 2015.

149   30. Corporate Defendant PMMI/PWM was formed on August 29, 2011, and

150 there were three (3) principal officers: Paula White, Director/Incorporator, her son Brad

151 Knight, Director/Vice President and Doug Shackelford, Director.

152   31. On October 15, 2012, nine (9) months after Defendant White became senior

153 pastor at NDCC, Corporate Defendant PMMI/PWM issued an Amendment (effective

154 7/12/12); stating that upon its dissolution, all PMMI assets were to be distributed to

155 NDCC.  A copy of the Amendment is on file with this Court (Exhibit B-5, Doc. 22) and

156 incorporated herein by reference for the Court's consideration.

157   32. On May 2, 2014, two (2) months after filing the Copyright Infringement

158 Complaint, (6:14-cv-00497-Orl-31DAB), the fictitious name PWM simultaneously was

159 canceled by Corporate Defendant PMMI and registered to Corporate Defendant NDCC.

160   33. On August 11, 2014, five (5) months into litigation of Case No. 6:14-cv-

161 00497-Orl-31DAB, Corporate Defendant PMMI/PWM submitted articles of dissolution

162 to the Florida Secretary of State. A copy of PMMI's Articles of Dissolution is on file

163 with this Court (Exhibit C-4, Doc. 22) and incorporated herein by reference for the

164 Court's consideration.

165   34.   Corporate Defendant NDCC/PWM and Defendant White did not notify the
166   Court or Plaintiff of the change of ownership of the fictitious name 'Paula White
167   Ministries' or of the dissolution of PMMI.

168   35.   Corporate Defendant NDCC/PWM continued to prosecute the fabricated
169   Copyright Infringement lawsuit using the fictitious name 'Paula White Ministries'.

170   36.   Before PMMI's dissolution, Defendant White and Doug Shackelford were
171   Directors of NDCC and PMMI, simultaneously.

172   37.   Corporate Defendant NDCC/PWM is a successor 501(c)(3) not for profit
173   corporation and a continuation of PMMI.

174   38.   Defendant White is personally in charge of the church corporation, and all
175   of the NDCC board members (with the exception of two), are on staff with NDCC or
176   PWM, as of November 10, 2015.

177   39.   Doug Shackelford currently is on staff as Executive Pastor at NDCC and
178   Brad Knight is no longer on staff with PWM as Chief Financial Officer, but is currently
179   Vice President of NDCC.

180   Alter-Ego / Sham Corporation

181   40.   RLTHC is a non-profit (not for profit) 501(c) (3) title holding corporation
182   operating under the guidelines of IRC 501(c)(2), with its principal office located at 505 E.
183   McCormick Road, Apopka, FL 32703, according to it articles of incorporation.

184   41.   RLTHC is a sham corporation and an instrumentality (alter-ego) of
185   NDCC/PWM; which was organized and incorporated with the fraudulent and improper

8

186  purpose of holding the assets of NDCC/PWM, shielding NDCC/PWM from liability and
187  defrauding Plaintiff and other creditors.

188       42.    Neither the Florida White Pages nor Directory Assistance have a
189  telephone listing for a Resurrection Life THC, Inc. in Apopka, FL, nor did Directory
190  Assistance's records show a business by that name located at 505 E. McCormick Road,
191  Apopka, Fl.

192       43.    RLTHC is merely a business conduit for NDCC/PWM and the two
193  corporations are operating as a single economic entity; therefore RLTHC should be held
194  liable for NDCC/PWM's debts.

195       44.    On December 2, 2015, NDCC/PWM was served with a summons and
196  Verified Second Amended Complaint for malicious prosecution.

197       45.    On December 18, 2015 – sixteen (16) days after NDCC/PWM was served
198  with the summons and complaint – Resurrection Life THC, Inc. (RLTHC) filed its
199  articles of incorporation with the Florida Department of State, and there were three (3)
200  initial members of the Board of Directors; the three (3) RLTHC board members are also
201  on staff at NDCC/PWM.

202       46.    On January 11, 2016, in their corporate disclosure statement (Doc. 36),
203  Corporate Defendant NDCC/PWM and Defendant White deceptively declared that,
204  "[d]efendants own additional corporations that operate independently and are not related
205  to and will not be affected by the outcome of this litigation." [emphasis added].

206       47.    Defendants' dishonest corporate disclosure was meant to perpetrate fraud
207  upon Plaintiff and the Court.

208   48.   Defendants deliberately chose to withhold relevant information regarding

209   NDCC/PWM's relationship with RLTHC; and in addition to perpetrating fraud on

210   Plaintiff and the Court, concealment of the close relationship between NDCC/PWM and

211   RLTHC was part of a plan to hide NDCC/PWM's assets within this newly created

212   corporation.

213   49.   There is privity between NDCC/PWM and RLTHC as evidenced by the

214   commonality of interest between the two corporations.

215   50.   RLTHC is a title holding company "organized exclusively for the purpose

216   of holding title to property, collecting income therefrom, and turning over the entire

217   amount thereof, less expenses, to New Destiny Christian Center Church, Inc." A copy of

218   RLTHC's articles of incorporation is on file with this Court (Exhibit B-3, Doc. 54-1) and

219   incorporated herein by reference for the Court's consideration.

220   51.   NDCC/PWM is the sole member and parent corporation which owns and

221   controls RLTHC, pursuant to IRC 501(c)(2).

222   52.   NDCC/PWM and RLTHC have a common business location (505 E.

223   McCormick Road, Apopka, Fl 32703), and have in common two (2) directors.

224   53.   The incorporator (who is also one of the directors and registered agent) for

225   RLTHC, is also the secretary and one of the directors for NDCC/PWM.

226   54.   Defendant White is the president and a director on the Board of Directors

227   for NDCC/PWM and a director on the Board of Directors for RLTHC.

228        55.    NDCC/PWM and RLTHC – through their directors and agents – initiated

229    and actively participated in an illegal scheme to fraudulently convey or conceal

230    NDCC/PWM's assets so that they could not be reached by this lawsuit.

231        56.    RLTHC, through its directors, had full knowledge of this present lawsuit

232    against NDCC/PWM before assuming the assets of NDCC/PWM and therefore cannot

233    claim to be an innocent participant in the fraudulent transfer or concealment of

234    NDCC/PWM assets.

235        57.    Piercing of the corporate veils and finding of alter ego under the alleged

236    facts contained in this Complaint is necessary to prevent injustice in this case.

237    <u>MALICIOUS PROSECUTION – (TITLE VIII, FLA. STAT. 95.11 [2015])</u>

238        58.    Plaintiff hereby re-alleges and incorporates by reference paragraphs 1-57 as

239    though fully set forth herein.

240        59.    With malice, evil motive and intent, Corporate Defendant PMMI/PWM and

241    Defendant White instigated the copyright infringement action against Plaintiff; fully

242    knowing that Plaintiff did not infringe PMMI/PWM's copyrights.

243        60.    Corporate Defendant PMMI/PWM and White brought the previous

244    copyright action in retaliation because White was angry because she had been exposed by

245    Plaintiff's videos.

246        61.    In violation of Plaintiff's guaranteed First Amendment right to free speech,

247    Corporate Defendant PMMI/PWM made numerous false copyright infringement

248    complaints to You Tube, which caused the removal of videos from Plaintiff's channel.

249      62.   In further violation of Plaintiff's First Amendment rights, Corporate

250    Defendant PMMI/PWM filed the SLAPP Copyright Infringement lawsuit in an attempt to

251    silence Plaintiff's criticism of Defendant White and her Biblical teachings.

252      63.   Corporate Defendant PMMI/PWM and its agent Defendant White filed the

253    fictitious Copyright Infringement lawsuit with wonton and reckless disregard for

254    Plaintiff's human rights.

255      64.   During litigation, Corporate Defendant NDCC/PWM made more false

256    copyright infringement claims to You Tube which caused the termination of Plaintiff's

257    channel.

258      65.   The previous Copyright Infringement Complaint was purposely "fixed" with

259    false allegations which were known to Defendant White, and should have been known to

260    Corporate Defendants PMMI/PWM and NDCC/PWM board members, to be false.

261      66.   In Corporate Defendants PMMI/NDCC/PWM's Copyright Infringement

262    Complaint, every factual allegation against Plaintiff was false except for one.  A copy of

263    the Copyright Infringement Complaint is on file with this Court (Exhibit D, Doc. 22)

264    and incorporated herein by reference for the Court's consideration.

265      67   The one true factual allegation that was stated against Plaintiff in the

266    Complaint was that Plaintiff is the registered owner of the websites and responsible for

267    their content.

268      68.   Defendant White has a pattern of going from one attorney to another

269    wrongfully suing or threatening to sue those who oppose and expose her, then dismisses

270    the case or the issue when challenged.

271    69.    In the Copyright Infringement Complaint, Corporate Defendant
272    PMMI/NDCC/PWM falsely alleged to be the legal and beneficial copyright owners of
273    videos which Plaintiff created and displayed on her website and You Tube channel.

274    70.    Corporate Defendant PMMI/PWM fraudulently attempted to gain control
275    over Plaintiff's videos by applying for a copyright certificate with the United States
276    Copyright Office (USCO).

277    71.    Corporate Defendant PMMI/PWM submitted a copy of its Complaint and a
278    list of Plaintiff's videos to the USCO, but no copyright certificate for the videos was ever
279    issued to Corporate Defendant or to Defendant White.

280    72.    Corporate Defendants PMMI/NDCC/PWM and Defendant White knowingly
281    engaged in copyright misuse by making numerous false copyright infringement claims
282    against Plaintiff's You Tube channel; and by filing the previous copyright infringement
283    action in violation of the Copyright Act.

284    73.    Corporate Defendants PMMI/NDCC/PWM did not present *any* evidence in
285    support of their allegations claimed in the unverified Copyright Infringement Complaint
286    because the case was nothing but a personal vendetta of Defendant White.

287    74.    Corporate Defendants PMMI/NDCC/PWM and Defendant White had no
288    probable cause to bring or continue a copyright infringement action against Plaintiff.

289    75.    Attached to Plaintiff's Answer was evidence proving every allegation to be
290    false. Rather than dismissing the case at that point, Corporate Defendant NDCC/PWM
291    ignored the evidence and continued to prosecute.

292   76.   Plaintiff submitted more proof to Corporate Defendant NDCC/PWM at the
293   mandatory initial disclosure stage; but Corporate Defendant NDCC/PWM still continued
294   to prosecute, until Plaintiff submitted a Motion for Summary Judgment.

295   77.   Corporate Defendant PMMI/PWM and Defendant White brought the
296   previous action with the ulterior motive of using (or misusing) the Judicial System to
297   intimidate, punish, shame, harass and attempt to extort millions of dollars from Plaintiff.

298   78.   Corporate Defendants PMMI/NDCC/PWM stated a prayer for judgment
299   against Plaintiff for statutory damages in the amount of $150,000 per [108] alleged
300   infringements per 17 U.S.C. § 504, or through disgorgement; plus attorney's fees per
301   17 U.S.C. § 505, and other costs and unspecified damages.

302   79.   Corporate Defendants PMMI/NDCC/PWM did not disclose any alleged
303   damages as required by Fed. R. Civ. P. 26 ( a) (1) (A) (iii) – Mandatory Initial
304   Disclosures (MID).

305   80.   Defendant White intentionally meant to injure Plaintiff mentally,
306   emotionally, financially and physically when she filed the Copyright Infringement action
307   on behalf of PMMI/NDCC/PWM, on March 27, 2014.

308   81.   On October 13, 2013, Defendant White stated that she "intended to do
309   damage and be a menace" to the enemy [Plaintiff] – five (5) months later she filed the
310   bogus Copyright Infringement Complaint.

311   82.   As a direct and proximate result of Corporate Defendants
312   PMMI/NDCC/PWM and White's willful and wanton conduct, Plaintiff has suffered
313   unnecessary psychological and emotional distress.

314       83.    As a direct and proximate result of Corporate Defendants

315   PMMI/NDCC/PWM and Defendant White's actions, Plaintiff also suffered unnecessary

316   stress, mental pain and anguish, the loss of capacity for the daily pursuits and enjoyment

317   of life, had trouble sleeping and suffered injury to her character and integrity, as well.

318       84.    Due to the criminal nature of the claims, had Defendant White's scheme

319   succeeded, Plaintiff would have suffered millions of dollars in damages, and potentially

320   faced five (5) years in prison for criminal copyright infringement.

321       85.    As a direct and proximate result of Defendants PMMI/NDCC/PWM and

322   Defendant White's actions, for ten (10) months Plaintiff was plagued with thoughts of

323   incarceration which was very disquieting.

324       86.    The fact that Defendant White stated that the fight had been fixed and that

325   she had never lost anything in her jurisdiction, increased the fear and anxiety.

326       87.    For ten (10) months, Plaintiff was forced to set aside her own work to spend

327   countless hours researching and studying in order to defend against Corporate Defendants

328   PMMI/NDCC/PWM and Defendant White's false claims, which resulted in the loss of

329   sleep.

330       88.    On many occasions Plaintiff's research lasted all night and well into the

331   following day which resulted in mental confusion, bouts of short-term memory loss and

332   forgetfulness.

333       89.    Plaintiff was compelled to expend money, time, energy and resources in

334   order to defend against Corporate Defendants PMMI/NDCC/PWM and Defendant

335   White's unjustifiable and baseless claims.

336    90.    Corporate Defendant NDCC/PWM and Defendant White blatantly

337  disregarded the Court's Order by continuing to make false copyright infringement claims

338  to You Tube four (4) months after the case was ordered closed.

339                          PLAINTIFF's PRAYER FOR RELIEF

340          WHEREFORE Plaintiff, Shirley Jn Johnson, *pro se*, respectfully requests that this

341  Honorable Court grant Plaintiff's demand for judgment against Defendants as follows:

342  A.    Corporate Defendants PMMI/PWM, NDCC/PWM/RLTHC and Defendant White,

343  joint and several liability for Plaintiff's damages pursuant to Fla. Stat. §617.0834 (1) 3.

344  (2) (a) (1)-(2.) [2015].

345      1.    Costs in Case No: 6:14-cv-00497-Orl-31DAB pursuant to 17 U.S.C. §512

346  (f)(1)-(2) – $1,207.93.

347      2.    Non-economic damages pursuant to 17 U.S.C. §512 (f)(1)-(2) – $500,000.

348      3.    Nominal damages pursuant to 17 U.S.C. §512 (f)(1)-(2) – $10,000.

349      4.    Punitive Damages pursuant to Fla. Stat. §768.73 (1)(a)(c) [2015].

350      5.    Costs of this present case.

351      6.    Sanctions on NDCC/PWM and Defendant White for violating Court Order of

352  Case No. 6:14-cv-00497-Orl-31DAB.

353      7.  Such further relief as this Honorable Court deems just and proper.

354

355                          (Signature on next page)

356

16

357      Dated: August 17, 2016             Respectfully submitted,

358

359                                                  Shirley Jn Johnson

360                                                  PRO SE LITIGANT

361                                                  theremnantsjnj@yahoo.com

362                                                  P.O. Box 58818

363                                                  Seattle, WA 98138

364                                                  Telephone:  253-846-6805

365

366                               <u>VERIFICATION</u>

367         Under penalty of perjury, I declare that I have read the foregoing Plaintiff's Third

368  Amended Verified Complaint, and the facts alleged therein are true and correct to the

369  best of my knowledge and belief, except as to matters alleged on information and belief,

370  and, as to those, I believe them to be true.

371                                                By:

372                                                  Shirley Jn Johnson

373        On this _____17ᵗʰ_____ day of ___August___ 2016, before me personally

374  appeared SHIRLEY JN JOHNSON who ____is personally known to me or __X__ who

375  produced a ___Washington State___ driver's license bearing her name and

376  photograph as identification, and who executed this Motion.

377  _____ Commission Expires:  3/11/20

378  Notary Public

379

380                        <u>CERTIFICATE OF SERVICE</u>

381

382        I HEREBY CERTIFY that on, August 17, 2016, this Plaintiff's Third Amended

383  Verified Complaint was sent via Express U.S. Mail to be filed with the Clerk of the Court

384  and a true and correct copy was sent via Express U.S. Mail to Erica K. Williams, Esq.

385  GuideOne Insurance, P.O. Box 14503, Des Moines, IA 50306, and Certified U.S. Mail to

386  Eric V. Hires, The Law Office of Eric V. Hires, LLC. – P.O. Box 568943, Orlando, FL

387  32856-8943.

388                                                  By:

389                                                  Shirley Jn Johnson

Notary Public
State of Washington
ANTHONY J JANTZEN
My Appointment Expires Mar 11, 2020

17