UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SHIRLEY JN JOHNSON,

    Plaintiff,

v.                                                           Case No. 6:15-cv-1698-Orl-37GJK

NEW DESTINY CHRISTIAN CENTER
CHURCH, INC.; PAULA MICHELLE
MINISTRIES, INC.; PAULA MICHELLE
WHITE; and RESURRECTION LIFE
THC, INC.,

    Defendants.
_____

## ORDER

Due to a prolonged dispute over the propriety of several discovery orders (Docs. 78, 103, 115 ("**Contested Discovery Orders**")), the case management schedule in this action has experienced some disruption. Specifically, the Court has: (1) stayed both discovery and the action as a whole during the pendency of Defendants' appeals (*see* Docs. 107, 133); and (2) recently reopened discovery to adjust for the resulting delay (Docs. 138, 139). During one such appeal, *pro se* Plaintiff Shirley Jn Johnson moved for partial summary judgment. (Doc. 134 ("**First MSJ**").) The Court denied the First MSJ without prejudice pending the Eleventh Circuit's ruling on the appeal. (Doc. 135). Now that the Eleventh Circuit has issued its mandate, and the Court has reopened this action, Plaintiff has renewed her motion. (Doc. 143 ("**Second MSJ**").) However, having reopened discovery, the Court finds that the Second MSJ is due to be denied as premature.

Importantly, summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The burden then shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show a genuine issue for trial. *Porter v. Ray*, 461 F.3d 1315, 1320 (11th Cir. 2006). Because this procedure places a burden of production on the non-movant, "[s]ummary judgment is premature when a party is not provided a reasonable opportunity to discover information essential to his opposition." *Smith v. Fla. Dep't of Corr.*, 713 F.3d 1059, 1064 (11th Cir. 2013); *see also Blumel v. Mylander*, 919 F. Supp. 423, 428 (M.D. Fla. 1996) (quoting *Snook v. Trust Co. of Ga. Bank of Savannah*, 859 F.2d 865, 870 (11th Cir. 1988)) (stating that "district courts should not grant summary judgment until the non-movant has had an adequate opportunity for discovery."). Accordingly, the Court declines to consider any motions for summary judgment until discovery is closed in this action.

In addition, it is unclear whether Defendants have provided Plaintiff with the discovery they previously declined to produce. Hence Defendants are directed to notify the Court on or before Friday, **May 26, 2017**, whether they have produced such discovery and the date that it was produced. If not, Defendants must produce the information required by the Contested Discovery Orders on or before Tuesday, **May 30, 2017**, and provide certification to the Court at that time.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff Shirley Jn Johnson's Renewed and Amended Verified Motion for Partial Summary Judgment and Incorporated Memorandum of Law

(Doc. 143) is **DENIED WITHOUT PREJUDICE**.

2. On or before Friday, **May 26, 2017**, Defendants are **DIRECTED** to notify the Court: (1) whether they have produced the contested discovery; and (2) of the date it was produced. If they have not yet produced such discovery, they must do so on or before Tuesday, **May 30, 2017**, and contemporaneously provide certification to the Court.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on May 23, 2017.



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record
*Pro Se* Party