UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SHIRLEY JN JOHNSON,

      Plaintiff,

v.                                                    Case No:   6:15-cv-1698-Orl-37TBS

NEW DESTINY CHRISTIAN CENTER
CHURCH, INC., PAULA MICHELLE
MINISTRIES, INC. and PAULA
MICHELLE WHITE,

      Defendants.

_____

### REPORT AND RECOMMENDATION

      This case comes before the Court on Plaintiff's Proposed Bill of Costs (Doc. 267)

and Defendants' Response in Opposition to Plaintiff's Proposed Bill of Costs (Doc. 268).

For the reasons set forth below, I **respectfully recommend** that the district judge award

Plaintiff a portion of her costs.

### Background[1]

      Plaintiff Shirley Jn Johnson brought this action against Defendants alleging, *inter*

*alia*, malicious prosecution under Florida law related to a 2013 copyright infringement suit

filed against Plaintiff by Paula White Ministries (See Doc. 1); see also Paula White

Ministries v. Shirley Jn Johnson, 6:14-cv-497-GAP-DAB (Mar. 27, 2014), Doc. 1 ("Prior

Lawsuit"). A default judgment on liability was entered against Defendants (Doc. 183), and

the case proceeded to a two-day bench trial on the issue of Plaintiff's damages (Doc. 192,

248, 249, 256, 257). Following the trial, the Court issued its memorandum opinion and

---

[1] This section is drawn from the Court's Memorandum Opinion and Order, recorded at docket entry 264 and the order denying Plaintiff's Motion to amend findings and judgment at docket entry 270.

order outlining its findings (Doc. 264). The Court decided that Plaintiff is entitled to

recover costs and non-economic damages totaling $13,707.93; but that she is not entitled

to punitive damages (Id. at 15-18.) Plaintiff asked the Court to amend its findings and rule

that there is evidence sufficient to conclude that Defendants acted with malice and that

she is entitled to punitive damages as a result (Doc. 270 at 2). The district judge denied

Plaintiff's request (Doc. 270). Now, Plaintiff makes a claim for reimbursement of

$18,334.55 in costs associated with the prosecution of this action:

| Fees of the Clerk | $400 |
|---|---|
| Fees for service of summons and subpoena | $490.00 |
| Fees for printed or electronically recorded transcripts necessarily obtained for use in the case | $1,600.50 |
| Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case | $485.45 |
| Other costs | $15,358.60 |

(Doc. 267; Doc. 268). Plaintiff's "other costs" consist of: $9,392.63 for travel; a $700

mediation fee; $1,872.40 in Pacer charges; and $3,393.57 in postage (Doc. 267-1 at 2;

Doc. 276-9 at 1-6).

## Discussion

The prevailing party is generally entitled to recover all taxable costs incurred in

litigating the dispute. See FED. R. CIV. P. 54(d)(1). Rule 54(d)(1) does not, however,

"permit 'unrestrained discretion to tax costs to reimburse a winning litigant for every

expense he has seen fit to incur in the conduct of his case.'" Scelta v. Delicatessen

Support Servs. Inc. et al., 203 F. Supp. 2d 1328, 1339 (M.D. Fla. 2002). Under Rule

54(d)(1) costs are limited to the items enumerated in 28 U.S.C. § 1920:[2]

> A judge or clerk of any court of the United States may tax as costs the following: (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title [28 USCS § 1923]; [and] (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title [28 USCS § 1828].

28 U.S.C. § 1920; see Scelta, 203 F. Supp. 2d at 1339.

Defendants concede Plaintiff's right to recover the $400 filing fee (Doc. 268 at 4).

They also admit that Plaintiff is entitled to recover the reasonable cost for service of

summonses and subpoenas in this case (Id.). But they argue, service fees should be

limited to $260 based upon the United States Marshal's fee of $65 per hour to serve four

instruments (Id.). Plaintiff explains that she was required to pay $125 for a skip trace

report to locate Defendant Paula White and determine her residency before filing suit

(Doc. 275 at 7). Plaintiff paid an additional $35 when Ms. White could not be found at the

first address where service was attempted (Id.). Plaintiff also paid $60 in rush fees when

standby counsel, who had offered to serve subpoenas, never got around to it (Id.). On

review, I find that Plaintiff should not recover the cost of the skip trace report but that she

---

[2] Section 1920 governs the recovery of costs in diversity cases and is only supplanted when state law explicitly expands the scope of costs allowed under § 1920. Jablonski v. St. Paul Fire & Marine Ins. Co., Civil Action No. 2:07-cv-00386, 2010 U.S. Dist. LEXIS 34176, at * 34 (M.D. Fla. April 7, 2010) ("'[T]he issue of costs is not determined by state law in a diversity case" … Instead, 28 U.S.C § 1920 determines the ability to shift costs … The only exception by which state law provides the rules for determining costs is where the applicable state law expands the costs allowed under § 1920.").

is entitled to the additional $35 charge to serve Paula White at a second address. I also find that the fees for rush service are a matter between Plaintiff and standby counsel that is not taxable to Defendants. Accordingly, I respectfully recommend the Court award Plaintiff the remaining $305 which I find to be reasonable for the service of process in the case.

Next, Plaintiff seeks recovery of $1,605 for official transcripts of the bench trial. Defendants concede that this is a taxable item but, they note that the court reporter charged them $323 for the same transcripts (Doc. 268 at 5-6). Plaintiff has produced an email from the court reporter stating that "[i]t is well known in the legal community that a court reporter's charge for an original transcript is different from a copy rate." (Doc. 275-1 at 1). Accordingly, I respectfully recommend the Court award Plaintiff $1,605 for purchasing a certified copy of the trial transcript.

As the Court observed in its July 31, 2018 Order, in an action for malicious prosecution, "the plaintiff may recover all damages that are the natural and probable consequences of the action complained of." (Doc. 264 at 16) (quoting Ware v. United States, 971 F. Supp. 1442, 1471 (M.D. Fla. 1997)). "Reasonable out-of-pocket expenses are one type of compensatory damages available to a malicious prosecution plaintiff." Ware, 971 F. Supp. At 1471. "Reasonable out-of-pocket expenses" include those expenses that are typically subsumed into an attorney's fee, like legal research and postage. See Am. Home Assurance Co. v. Phineas Corp., No. 8:02-cv-736-T-26EAJ, 2004 WL 3142554, at *2 (M.D. Fla. Sept. 17, 2004 (citing Hollenbeck v. Falstaff Brewing Corp., 605 F. Supp. 421 (E.D. Mo. 1984) (identifying postage as an "out-of-pocket expense[ ]")); Terry Prop., Inc. v. Standard Oil Co. (IND), 799 F.2d 1523, 1540 (11th Cir. 1986) ("A panel of this court has already determined that reasonable costs of

computerized research may be recoverable.") (citing <u>Johnson v. Univ. College of Univ. of Ala. in Birmingham</u>, 706 F.2d 1205, 1209 (11th Cir. 1983); <u>cf.</u> <u>Tri-State Hosp. Supply Corp. v. United States</u>, 341 F3d. 571, 578 n.6 (D.D.C. 2003) ("Because <u>Ware</u> had court-appointed counsel at the time of his prosecution, however, the district court concluded that he had not incurred 'any discernable out-of-pocket expenses' in defending himself. Seizing upon the aforementioned passage, Tri-State asserts that the district court's 'holding' clearly indicates that 'if the plaintiff had paid for his own counsel, as Tri-State did, those out-of-pocket expenses would have been recoverable under the FTCA.'); <u>Griffeth v. Sheet Metal Workers' Local Unions & Co.</u>, 34 F. Supp. 2d 1170, 1176 (D. Ariz. 1998).

Plaintiff is not a lawyer and she has no hourly rate to include and cover litigation costs customarily borne by an attorney. She also was not permitted to file and serve papers through the Court's CM/ECF system. This placed copying, postage and PACER research cost burdens on Plaintiff that she would not have borne had she been represented in this case.

Plaintiff has provided receipts showing that she spent $485.45 on copies (Doc. 267-12) she says were necessarily obtained for use in this litigation to, among other things, file original pleadings and serve copies on defense counsel (Doc. 275 at 6). Plaintiff also made copies of exhibits which were attached to some of the pleadings, and she made copies of exhibits for use at trial (<u>Id.</u>). Plaintiff seeks reimbursement at the FedEx[3] self-service rate of $.14, which can hardly be said to be unreasonable (Doc. 267-12; 275). Plaintiff's proffer satisfies the requirements of 28 U.S.C. § 1920. I also find that the $3,393.57 she spent on postage and the $1,872.40 in PACER research charges she

---

[3] The only FedEx receipts the Court sees are for copy expenses (Doc. 267-12). Apparently, Plaintiff did not use FedEx for mailing documents; instead, she used the United States Postal Service (Doc. 267-13; Doc. 267-14; Doc 267-15).

incurred be awarded because they are a natural and probable consequence of Defendants' actions which gave rise to the malicious prosecution claim. I also recommend these costs be awarded because, as a non-lawyer, Plaintiff is not represented by a lawyer for whom these items would be treated as overhead. Now, I recommend the Court award Plaintiff $485.45 for copies, $3,393.57 for postage, and $1,872.40 in PACER research charges.

Plaintiff seeks to recover her $700 share of the mediator's fee. Absent a cost shifting agreement or court order, mediator's fees are ordinarily not recoverable. Fine v. Baer, Case No. 5:15-cv-21-Oc-28PRL, 2017 WL 1437461, at 9 (M.D. Fla. April 5, 2017) ("[T]he mediator fee is not recoverable.") (citing Nicholas v. Allianceone Receivables Mgmt., Inc., 450 F. App'x 887, 888 (11th Cir. 2012)); see Reis v. Thierry's Inc., No. 08-20992-CIV-TURNOFF (LENARD), 2010 WL 1249076, at *3 (M.D. Fla. Mar. 25, 2010) ("[M]ediation costs are not recoverable under § 1920"); Villaneuva-Gonzalez v. Grainger Farms, Inc., No. 2:09-cv-716-FtM-36DNF, 2011 WL 5834677, at *8 (M.D. Fla. Aug. 9, 2011); Copely v. Superior Logistics Alternative, Inc., No. 1:10-cv-0009-MEF, 2011 WL 1165476, at *5 (M.D. Ala. Mar. 30, 2011); Reinhold v. Durango Steakhouse of Titusville, Inc., No. 6:05-cv-1090-Orl-22JGG, 2007 WL 470504, at *1 (M.D. Fla. Feb. 13, 2007) (citing Scelta, 203 F. Supp. 2d at 1339); see also Jablonski, 2010 U.S. Dist. LEXIS 34176, at * 38. But, court ordered mediation is customary in state and federal civil actions so that the resulting costs is "the natural and probable consequences of the action complained of." Ware, 971 F. Supp. at 1471. On this basis, I respectfully recommend the Court award Plaintiff the $700 she paid for the mediator.

If the Court does not agree with my interpretation of Ware, then it should not award any costs for copies, postage, PACER or the mediation.

Lastly, Plaintiff seeks $9,392.63 for travel, transportation and lodging. In the Eleventh Circuit, travel expenses are not recoverable under § 1920. Gary Brown & Assocs. v. Ashdon, Inc., 268 F. App'x 837, 846 (11th Cir. 2008) (internal citations omitted) (quoting Duckworth v. Whisenant, 97 F.3d 1393, 1399 (11th Cir. 1996)). Plaintiff chose her forum and I am not persuaded that the holding in Ware is a sufficient basis to award these costs. Therefore, I recommend the Court deny Plaintiff's claim for travel and related expenses.

Based upon the foregoing, I respectfully recommend Plaintiff be awarded the following costs, to be taxed against Defendants new Destiny Christian Center Church, Inc., Paula Michelle Ministries, Inc., and Paula Michelle White, jointly and severally:

| | |
|---|---|
| Filing Fee | $400.00 |
| Service of Process | $305.00 |
| Transcripts | $1,605.00 |
| Copying | $485.45 |
| Postage | $3,393.57 |
| PACER | $1,872.40 |
| Mediation | $700.00 |
| Total | $8,761.42 |

### Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RECOMMENDED** in Orlando, Florida on October 24, 2018.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:
      Presiding United States District Judge
      Counsel of Record