UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SHIRLEY JN JOHNSON,

    Plaintiff,

v.                                          Case No. 6:15-cv-1698-Orl-37TBS

NEW DESTINY CHRISTIAN CENTER
CHURCH, INC.; PAULA MICHELLE
MINISTRIES, INC.; and PAULA
MICHELLE WHITE,

    Defendants.

---

## ORDER

Before the Court is Plaintiff's Proposed Bill of Costs (Doc. 267) and Defendants' Response in Opposition to Plaintiff's Proposed Bill of Costs (Doc. 268). On referral, U.S. Magistrate Judge Thomas B. Smith issued a Report recommending the Court award Plaintiff a portion of her costs. (Doc. 279 ("**R&R**").) Plaintiff objected to the R&R's denial of her full costs. (Doc. 281 ("**Objection**").) Defendants then responded, requesting the Court overrule Plaintiff's Objection and adopt the R&R as entered. (Doc. 282.) On review, the Court finds that the Objection is due to be overruled, the R&R adopted, and Plaintiff's Proposed Bill of Costs awarded in part.

### I.    BACKGROUND

Following a two-day bench trial in this case, the Court issued a Memorandum Opinion and Order that, *inter alia*, notified Plaintiff she may seek to recover costs associated with prosecuting this action as the prevailing party. (Doc. 264, p. 18.) Plaintiff

then filed a proposed bill of costs seeking to recover $18,334.55:

| | |
|---|---:|
| Fees of the Clerk | $ 400.00 |
| Fees for service of summons and subpoena | 490.00 |
| Fees for printed or electronically recorded transcripts necessarily obtained for use in the case | 1,600.50 |
| Fees and disbursements for printing | |
| Fees for witnesses (itemize on page two) | 0.00 |
| Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case. | 485.45 |
| Docket fees under 28 U.S.C. 1923 | |
| Costs as shown on Mandate of Court of Appeals | |
| Compensation of court-appointed experts | |
| Compensation of interpreters and costs of special interpretation services under 28 U.S.C. 1828 | |
| Other costs (please itemize) | 15,358.60 |
| TOTAL | $ 18,334.55 |

(Doc. 267.) These "other costs" account for Plaintiff's travel, postage charges, mediation fee, and PACER charges:

| | | Travel Costs | | |
|---|---|---|---|---|
| Purpose | Date | Air Travel | Transportation | Hotel |
| Deposition | 11/20/2016 | $ 800.20 | | |
| Pre Trial - 1/2/2018 | 12/31/2017 | $ 844.40 | $ 259.06 | $ 422.31 |
| | 3/8/2017 | $ 575.95 | $ 444.73 | |
| Pre Trial - 1/2/2018 | 4/1/2018 | $ 732.60 | $ 142.87 | $ 364.78 |
| Settlement conf. 4/19 | 4/17/2018 | $ 636.60 | $ 202.97 | $ 679.72 |
| Trial | 5/6/2018 | $ 1,444.80 | $ 320.63 | $ 1,521.01 |
| | Sub-Totals | $ 5,034.55 | $ 1,370.26 | $ 2,987.82 |
| | Total Travel costs | $ 9,392.63 | | |

| Total Costs | $ 9,392.63 | Travel |
|---|---|---|
| | $ 8,941.92 | Postage, Pacer, Copies, Other Charges |
| | $ 18,334.55 | |

(Doc. 267-1, p. 2.)

Defendants opposed Plaintiff's Proposed Bill of Costs, suggesting she be awarded $983.00 instead:

| | | |
|---|---|---|
| Fees of the Clerk | $ | 400.00 |
| Fees for service of summons and subpoena | $ | 260.00 |
| Fees for printed or electronically recorded transcripts necessarily obtained for use in the case | $ | 323.00 |
| Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case. | $ | 0.00 |
| Other costs | $ | 0.00 |
| **Total** | $ | **983.00** |

(Doc. 268, p. 10.) Defendants sought to exclude Plaintiff's travel expenses, postage and PACER fees, mediation fees, and copy-related costs. (*Id.* at 6–10.) For Plaintiff's transcript charge, Defendants suggest Plaintiff receive $323.00, the rate they were charged for their copy. (*Id.* at 5–6.) Defendants also request the Court cut Plaintiff's proposed service fees, from $490 to $260, a rate of $65 per Defendant. (*Id.* at 4–5.) Defendants do not object to Plaintiff's recovery of the filing fee. (*Id.* at 4.)

Magistrate Judge Smith then issued his R&R that Plaintiff receive a portion of her costs. (Doc. 279.) He recommends awarding Plaintiff: (1) the filing fee; (2) a portion of her service fees; (3) the cost of obtaining a certified copy of the trial transcript; (4) costs for copies, PACER, and postage based on Plaintiff's *pro se* status; and (5) Plaintiff's share of the mediator fee. (*Id.* at 1–6.) Magistrate Judge Smith recommends denying Plaintiff's claim for travel and related expenses, as these are not recoverable under 28 U.S.C. § 1920 and Plaintiff chose this forum. (*Id.* at 7.) In total, Magistrate Judge Smith recommends awarding Plaintiff $8,761.42. (*Id.*)

Plaintiff objected, seeking the full amount she listed on her Proposed Bill of Costs. (Doc. 281.) She believes her travel and related expenses were "necessary and reasonable," maintaining that she "did not choose this forum, but rather was illegally hailed into the Florida courts on bogus copyright infringement charges leveled by Defendants." (*Id.* at 4.) In response, Defendants submit that the Objection should be overruled and the R&R adopted. (Doc. 282.)

## II. LEGAL STANDARD

When a party objects to a magistrate judge's findings, the district court must "make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* If the matter is nondispositive, the district court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *see, e.g.*, *In re Application of Hornbeam Corp.*, No. 14-24887-MC-SEITZ/TURNOFF, 2016 WL 3866561, at *1 (S.D. Fla. July 13, 2016) ("Rule 72(a) instructs the district court to review nondispositive matters for clear error or contrariness to the law.") A finding is clearly erroneous "when although there is evidence [in the record] to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). A finding is considered contrary to law if it does not apply or misapplies the relevant statutes, case law, or rules of procedure. *Tompkins v. R .J. Reynolds Tobacco Co.*, 92 F. Supp. 2d 70, 74 (N.D.N.Y. 2000).

## III. DISCUSSION

On review, the Court finds that the Objection is due to be overruled and the R&R adopted. In an action for malicious prosecution, "the plaintiff may recover all damages that are the natural and probable consequences of the action complained of." *Ware v. United States*, 971 F. Supp. 1442, 1471 (M.D. Fla. 1997). This includes "[r]easonable out-of-pocket expenses" (*id.*), which comports with 28 U.S.C. § 1920. However, general travel and related expenses are not recoverable under § 1920. *Cf. Evans v. Books-A-Million*, 762 F.3d 1288, 1298–99 (11th Cir. 2014) (analyzing recoverability of expenses under ERISA's fee-shifting provision, 29 U.S.C. § 1132(g)(1), which is broader than § 1920); *see Gary Brown & Ass., Inc. v. Ashdon, Inc.*, 268 F. App'x 837, 846 (11th Cir. 2008).

Thus, like Magistrate Judge Smith, the Court finds that Plaintiff is entitled to recover only a portion of her fees, as outlined by Magistrate Judge Smith, and is not entitled to recover travel and related expenses. The Court awards Plaintiff the following:

| | |
|---|---|
| Filing Fee | $400.00 |
| Service of Process | $305.00 |
| Transcripts | $1600.50[1] |
| Copying | $485.45 |
| Postage | $3,393.57 |
| PACER | $1,872.40 |

---

[1] The R&R lists the transcript amount as $1605.00. As Plaintiff cited the transcript cost as $1600.50, the Court will award this instead, under the assumption that the R&R's amount was a scrivener's error. Thus, the total amount awarded will be less than the R&R's recommendation.

| | |
|---|---|
| Mediation | $700.00 |
| Total | **$8,756.92** |

### IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Proposed Bill of Costs (Doc. 267) is **CONFIRMED IN PART:**

    a. The Clerk is **DIRECTED** to tax Plaintiff's costs as $8,756.92.

2. Plaintiff's Verified Objection to Magistrate Judge Smith's Report and Recommendation (Doc. 281) is **OVERRULED**.

3. U.S. Magistrate Judge Thomas B. Smith's Report and Recommendation (Doc. 279) is **ADOPTED IN PART, MODIFIED IN PART**, and made a part of this Order:

    a. The Court **MODIFIES** the R&R to the extent there was a scrivener's error in calculating the full amount based on a transcript fee of $1605 instead of $1600.50

    b. In all other respects, the R&R is **ADOPTED** and **CONFIRMED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on December 5, 2018.



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record
*Pro Se* Party