MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SHIRLEY JN JOHNSON,

    Plaintiff,

v.                                                                              CASE NO. 6:15-cv-1698-Orl-37GJK

NEW DESTINY CHRISTIAN CENTER
CHURCH, INC., PAULA MICHELLE
MINISTRIES, INC., PAULA
MICHELLE WHITE, and
RESURRECTION LIFE THC, INC.,

    Defendants.
_____/

## DEFENDANTS' SECOND MOTION FOR EXTENSION TO CONTINUE SEAL OF FINANCIAL TRIAL EXHIBITS

Defendants New Destiny Christian Center Church, Inc., Paula Michelle Ministries, Inc., and Paula Michelle White, by and through undersigned counsel, hereby file this Second Motion for Extension To Continue Seal of Financial Trial Exhibits, and in support thereof state as follows:

1.  On May 2, 2018, prior to the bench trial of this matter ("Johnson I"), Defendants filed an Unopposed Motion to File Financial Trial Exhibits Under Seal. (Doc. # 237). In the Motion, Defendants requested that the certain documents, which appeared on the parties' Joint Exhibit List submitted and utilized during the bench trial of this matter, be filed under seal. (See Doc. # 250).

2.  On May 4, 2018, the Court granted Defendants' Motion to File Financial Trial Exhibits Under Seal. (Doc. # 246). Accordingly, the trial court exhibits at issue were to "remain under seal for a period of one (1) year." (Id. at 4). Based on the Court's initial Order, the seal of the trial court exhibits was set to expire on May 3, 2019.

3. Upon completion of the two (2) day bench trial, the Court entered a Memorandum Opinion and Order, on July 31, 2018, wherein the Court found that Plaintiff, Shirley Jn Johnson, was entitled to $13,707.93 in total damages against Defendants in this action. (See Doc. # 264).

4. Plaintiff filed a Notice of Appeal on September 26, 2018. (Doc. # 276).

5. While Plaintiff's appeal was pending, on March 26, 2019 Defendants filed a Motion for Extension To Continue Seal of Financial Trial Exhibits and requested that the seal of the financial trial exhibits be extended for one (1) year. (Doc. # 285).

6. On March 26, 2019, the Court granted the Motion (Doc. # 286), and the seal of the financial trial exhibits was extended until **May 3, 2020**.

7. On May 20, 2019, the United States Court of Appeals for the Eleventh Circuit affirmed this Court's Final Judgment in this matter. (Doc. ## 287-288).

8. On August 14, 2019, Plaintiff submitted her Petition for Writ of Certiorari to the Supreme Court of the United States.

9. On November 18, 2019, the Supreme Court of the United States denied Plaintiff's Petition for Writ of Certiorari. (See Doc. # 289).

10. During the pendency of this action, Plaintiff filed a separate – but related – action styled SHIRLEY JN JOHNSON, individual, Plaintiff, v. NEW DESTINY CHRISTIAN CENTER CHURCH, INC., Florida not for profit corporation a/k/a Paula White Ministries, PAULA MICHELLE WHITE, individually and in her official capacity as President, Director and Senior Pastor of New Destiny Christian Center Church, Inc. a/k/a PAULA MICHELLE CAIN, Defendants, Case No. 6:17-cv-710-Orl-37GJK ("Johnson II").

11. On March 4, 2019, this Court granted the Johnson II Defendants' Motion for Summary Judgment, and Judgment was entered in favor of the Defendants. (See Johnson II, Doc. ## 83-84).

12. Plaintiff filed a Notice of Appeal in Johnson II on March 21, 2019. (Doc. # 86). This appeal remains pending.

13. Upon the conclusion of Johnson I, and as all appellate avenues had been exhausted, the undersigned requested that Plaintiff do the following: (1) return or destroy all discovery received in Johnson I, including the financial trial exhibits, and (2) provide written confirmation that such return or destruction was completed and that Plaintiff no longer had any discovery obtained in Johnson I in her possession.[1]

14. In response, Plaintiff has taken the position that the discovery documents will be destroyed or returned after Johnson II has ended, as the Johnson II Defendants referred to the use of Johnson I documents in their Fed. R. Civ. P. 26 Disclosure submitted in Johnson II.

15. For simplicity, the undersigned is agreeable to proceeding in such manner.

16. Based on Plaintiff's recent representation, and as the Johnson II appeal remains pending, the undersigned respectfully requests this Court enter an Order extending the seal of the financial trial exhibits for one (1) year – until **May 3, 2021**.

17. The above-referenced documents are highly confidential in nature, as they provide in-depth analysis of the financial condition of Defendants, and publication of such information could result in serious injury to Defendants' privacy interests.

---

[1] On February 1, 2017, the Court explained that "[a]bsent further order, Plaintiff shall refrain from any extrajudicial publication of the discovery material to any source and shall not disclose the information to any person or entity other than any expert witness or subsequently retained counsel as necessary for the prosecution of this action. Violation of this portion of the Court's order will result in sanctions." (Doc. # 115). On December 28, 2017, Plaintiff agreed that she would "return or destroy Defendants' financial information at the close of this case."

18.     As severe injury could occur if these documents are filed on the open record, good cause continues to exist to keep such documents under seal.

19.     If and when <u>Johnson II</u> concludes, the undersigned anticipates filing a motion requesting (1) the Court lift the seal of the financial trial exhibits and (2) the Court advise the Clerk that destruction of the financial trial exhibits is proper.

WHEREFORE, for the reasons stated herein, Defendants respectfully request the Court grant the relief requested herein.

### Certification of Counsel Pursuant to M.D. F<small>LA</small>. L.R. 3.01(g)

The undersigned counsel called and/or emailed Plaintiff, *pro se*, on three occasions before filing this Motion – April 27, 2020, April 29, 2020 and April 30, 2020, but was unable to reach Plaintiff. At this time, it is undetermined whether Plaintiff opposes the relief requested herein. However, given the time-sensitive nature of the relief requested, the undersigned finds it necessary to file this Motion at this time. Defense counsel will continue to contact Plaintiff and will supplement the 3.01(g) certification via separate filing upon doing so.

Dated: April 30, 2020

<div style="margin-left: 50%;">

Respectfully submitted,

**/s/ Richards H. Ford**
Richards H. Ford, Esquire (0288391)
RFord@wickersmith.com
Clay H. Coward, Esquire (379522)
CCoward@wickersmith.com
Krista N. Cammack, Esquire (104718)
KCammack@wickersmith.com
WICKER SMITH O'HARA M<small>C</small>COY & FORD, P.A.
390 N. Orange Ave., Suite 1000
Orlando, FL 32801
Telephone:   (407) 843-3939
Facsimile:    (407) 649-8118
*Attorneys for Defendants*

</div>

**CERTIFICATE OF SERVICE**

      I hereby certify that on April 30, 2020, I electronically filed the foregoing with the Clerk of the Court by using the ECF system which will send a notice of electronic filing to all counsel of record. I further certify that a true and correct copy of the foregoing has been furnished via U.S. Mail to:

**Shirley Jn Johnson**
P.O. Box 58818
Seattle, WA 98138
*Pro Se*

                                               **/s/ Richards H. Ford**
                                               Richards H. Ford, Esquire